FILED

Name: Terrian Miles
Address: 700 W 9th Street
#2719 Los Angeles, CA 90015
Phone: 213 447 1979
Fax: _____

In Pro Per

2025 NOV 12 PM 5:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____ rsm

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Terrian Elise Miles

Plaintiff

v.

Anni South Hill LP
d/b/a 825 South Hill

Defendant(s).

CASE NUMBER:

**2:25-CV-10865-PA-RAOx**

TITLE OF PLEADING

Federal Civil Rights Complaint

CV-127 (09/09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**TERRIAN ELISE MILES**,
Plaintiff,

**v.**

**ONNI SOUTH HILL LIMITED PARTNERSHIP
d/b/a 825 SOUTH HILL**,
Defendant.

# FEDERAL CIVIL RIGHTS COMPLAINT

Fair Housing Act (42 U.S.C. §§ 3601 et seq.)
Civil Rights Act (42 U.S.C. § 1983)
FEHA (Gov. Code § 12955 et seq.)
Housing Voucher Retaliation & Habitability Violations

**Filed By:**
TERRIAN ELISE MILES
700 W 9th Street, Unit #2719
Los Angeles, CA 90015
Tel: (213) 447-1979
Email: Terrian.Miles@icloud.com
Plaintiff, Pro Se

Date: November 12, 2025

# TABLE OF CONTENTS

I. Jurisdiction and Venue
II. Parties
III. Introduction
IV. Declaration / Factual Background
    A.Move-in and Voucher Processing (Oct.-Nov. 2024)
    B. Defective 3-Day Notices (Nov. 2024 & Jan. 2025)
    C. Rejected Lawful Tender (Apr. 11, 2025)
    D. HACLA Correction Ignored (May 2025) .
    E.Stipulation & Ledger Manipulation (Jul.-Aug. 2025)
    F. Habitability: Mold & Health Effects (Aug.-Oct. 2025)
    G. Towing & Paid Parking Interference (Aug. 2025)
    H. Ledger Admission & Premature Lockout (Oct. 29-Nov. 3, 2025)
I.     Emotional Toll & Humiliation
J. Ledger Manipulation and Security Deposit   Misappropriation (Nov. 2025)
  K. Stipulation & Ledger Manipulation (Jul.-Aug.   2025)
V. Causes of Action (Counts 1-12)
VI. Memorandum of Points & Authorities
VII. Statement of Harm & Relief Sought
VIII. Prayer for Relief ..
IX. Verification (28 U.S.C. § 1746) .
Exhibit Index (A-L)

# I. JURISDICTION AND VENUE

This action arises under federal law, including the Fair Housing Act (42 U.S.C. §§ 3601 et seq.), the Civil Rights Act (42 U.S.C. § 1983), and related provisions of the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

Jurisdiction is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1331 and 1343, as this case presents federal questions concerning housing discrimination, retaliation, and deprivation of rights under color of state law.

Supplemental jurisdiction over the related state-law claims is proper under 28 U.S.C. § 1367(a) because those claims arise from the same nucleus of operative facts.

Venue is proper in this District under 28 U.S.C. § 1391(b) because all relevant acts and omissions occurred in Los Angeles County, California, where the property located at 825 South Hill Street, Los Angeles, CA 90014 is situated and where the Plaintiff resides.

# II. PARTIES

(page1)

Plaintiff — Terrian Elise Miles is an individual tenant and single mother residing in Los Angeles, California. She participates in the Housing Choice Voucher Program administered by the Housing Authority of the City of Los Angeles (HACLA) and at all relevant times lawfully occupied a residential unit at 825 South Hill Street under an approved Section 8 tenancy.

Defendant — Onni South Hill Limited Partnership, doing business as 825 South Hill, is a California limited partnership engaged in the ownership, management, and operation of multifamily residential housing in Los Angeles County. Onni South Hill acted through its agents, property managers, and employees who exercised substantial control over the tenancy at issue and are responsible for the acts and omissions alleged herein.

Plaintiff is informed and believes, and thereon alleges, that each Defendant, including Does 1–10, was at all relevant times the agent, employee, alter ego, or representative of the others and acted within the course and scope of such agency and employment in committing the acts alleged in this Complaint.

# III. INTRODUCTION

This civil-rights and housing-discrimination complaint arises from a pattern of misconduct by Onni South Hill Limited Partnership, doing business as 825 South Hill, that weaponized administrative errors, defective notices, and the sheriff's lockout machinery against a Section 8 voucher tenant and single mother in violation of federal and state law. What began as a routine voucher-funded tenancy in October 2024 deteriorated into months of retaliation, bad-faith accounting, and emotional trauma that left the Plaintiff, Terrian Elise Miles, and her young daughter in constant fear of homelessness.

From the start, Onni's management repeatedly disrupted the normal operation of the Housing Choice Voucher (HACLA) program. Despite Plaintiff timely submitting all required documents, management falsely claimed missing forms and demanded resubmissions, creating unnecessary delays that were then used to inflate her balance as if HACLA had failed to pay their share. These actions were outside the tenant's control, contrary to federal voucher procedures, and served no purpose other than to mischaracterize Plaintiff as delinquent.

In November 2024 and again in January 2025, Onni issued defective 3-Day Pay or Quit notices demanding the full contract rent instead of Plaintiff's approved tenant portion, rendering the notices void under California law and HUD regulations. The repeated issuance of unlawful demands caused extreme distress, forcing Plaintiff to spend nights gathering evidence, seeking clarification, and defending her tenancy while caring for her minor child.

The campaign of harassment escalated in April 2025 when Onni rejected lawful rent tender, reversing Plaintiff's payment and claiming funds could not be accepted while "under review." Under California precedent, refusal of lawful tender extinguishes any alleged default. Nevertheless, Onni used this rejection to escalate pressure and justify

(page 2)

further eviction activity.

In May 2025, HACLA formally corrected Plaintiff's tenant share, confirming that the alleged arrears were based on inaccurate data. Despite receiving written notice, Onni ignored the correction, continued to demand unlawful sums, and threatened eviction. This disregard for official voucher calculations demonstrates willful discrimination and retaliation against a Section 8 recipient.

The misconduct continued through summer 2025. In July, the parties executed a stipulation fixing attorney's fees at $2,176.27. Yet by August 29, 2025, Onni's ledger suddenly reflected an additional $4,948.73 labeled "legal fees" with no court order or memorandum of costs—an intentional act of ledger manipulation. Around the same time, Plaintiff repeatedly reported mold, dampness, and habitability violations, all ignored despite visible health impacts to her and her child.

# IV. DECLARATION / FACTUAL BACKGROUND

Plaintiff, Terrian Elise Miles, declares the following facts based on personal knowledge, and if called to testify, would and could competently testify thereto:

## A. MOVE-IN AND VOUCHER PROCESSING (OCT.–NOV. 2024)

In October 2024, Plaintiff completed all required steps to transfer her Section 8 Housing Choice Voucher to the Onni South Hill property, later known as 825 South Hill. The move-in followed HACLA's approval of the unit and the landlord's agreement to accept voucher funding. Despite Plaintiff's timely delivery of all forms, verifications, and tenancy documents, Defendant's management repeatedly delayed submission of HACLA paperwork, creating gaps in processing and causing stress and financial uncertainty.

On or about October 13, 2024, Plaintiff and her minor child officially relocated into the premises following HACLA's inspection approval. The initial housing portion was approved, and Plaintiff paid her required deposit and tenant share in full. However, Defendant's management failed to promptly transmit confirmation of tenancy to HACLA, resulting in delayed subsidy payments and confusion about balance posting.

In November 2024, rather than assisting with resolution, Defendant's staff falsely claimed missing forms, despite Plaintiff having already provided all documents to both the leasing office and HACLA. These fabricated claims led HACLA to request "resubmission" of forms that had already been received, causing further delay in subsidy activation. Defendant subsequently used these delays to inflate Plaintiff's account as if HACLA had failed to pay its share of rent.

Such conduct violated both the U.S. Department of Housing and Urban Development's (HUD) voucher payment procedures and the California Civil Code, which prohibit landlords from demanding or collecting rent portions covered by a voucher. These administrative misrepresentations were the beginning of a sustained campaign of bad faith, retaliation, and discrimination that continued through 2025, forming the foundation of this action.

I moved into Onni South Hill on October 13, 2024, with my daughter through the HACLA

(page 3)

Housing Choice Voucher program. My approval was conditioned on standard HACLA paperwork that I submitted on time.

In early November 2024, management told me to resubmit documents they said were missing. I complied immediately and requested confirmation. The resubmission delay was then used to inflate my balance as if I had failed to pay my share.

Authority: 24 C.F.R. § 982.310(b); 42 U.S.C. § 3604.

The shifting paperwork demands were outside my control and contrary to the structure of the voucher program. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.

I repeatedly requested written confirmations and policy citations, yet the explanations shifted, creating confusion and heightened stress on my household.

The shifting paperwork demands were outside my control and contrary to the structure of the voucher program. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.

### B. Defective 3 Day notices (November 2024 & January 2025).

On November 5, 2024, I received a 3 Day Pay or Quit demanding the full contract rent of $3,340 instead of my tenant portion. In January 2025, a second 3 Day notice repeated the same defect.

The notices were jurisdictionally void because they demanded sums not legally due from me as a voucher tenant and therefore cannot support eviction.

Authority: CCP § 1161(2); 24 C.F.R. § 982.310(b); Kwok v. Bergren, 130 Cal.App.3d 596 (1982); Bevill v. Zoura, 27 Cal.App.4th 694 (1994); Levitz Furniture Co. v. Wingtip Communications, 86 Cal.App.4th 1035 (2001).

Receiving these defective notices caused immediate panic and diverted time from parenting and work to defend against unlawful demands. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.

I repeatedly requested written confirmations and policy citations, yet the explanations shifted, creating confusion and heightened stress on my household.

### C. Rejected lawful tender (April 11, 2025).

*On April 11, 2025*, I tendered my full lawful rent payment in good faith. Management reversed and refused to accept it, stating they would not take funds while the case was under review.

Under California law, rejecting lawful tender extinguishes any alleged default; the refusal confirmed bad faith and left me labeled delinquent without cause.

Authority: Strickland v. Gray, 109 Cal.App. 125 (1930); Groh v. Kover's Bull Pen, Inc., 221 Cal.App.2d 611 (1963); Elliott v. Superior Court, 108 Cal.App.3d 614 (1980); Minelian v. Manzella, 215 Cal.App.3d 457 (1989).

The refusal of lawful payment turned solvable issues into artificial defaults and deepened my anxiety. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.

(page 4)

### D. HACLA corrected tenant share; Onni ignored notice (May 2025).

On May 1, 2025, HACLA issued a Notice of Change retroactively correcting my tenant share. On May 9, 2025, I emailed the correction to management, providing actual notice that their earlier demands were inflated.

Despite this, Onni continued to treat me as delinquent, threatening eviction for amounts I never owed.

Authority: 42 U.S.C. § 3617; Gov. Code § 12955.

I relied on the correction and believed it would resolve the dispute; instead, collection and eviction pressure continued. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.

I repeatedly requested written confirmations and policy citations, yet the explanations shifted, creating confusion and heightened stress on my household.

### E. Stipulation fixed fees; ledger manipulation added $4,948.73 (July–August 2025).

On July 15, 2025, we executed a written stipulation fixing attorney's fees at $2,176.27. On August 29, 2025, my ledger suddenly reflected an extra $4,948.73 labeled legal fees with no court authorization and no memorandum of costs.

The unilateral increase violated the stipulation and post judgment fee procedures, inflating my balance and escalating lockout pressure.

Authority: CCP § 664.6; CCP § 685.070; CRC 3.1700; Levy v. Superior Court, 10 Cal.4th 578 (1995).

This unexplained charge undermined any trust that the ledger would be corrected in good faith. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability. I requested for updated correct ledger for the entire month of October 2025 with no response and was continuously being ignored by management and managements counsel I was forced to schedule a ex parte hearing so this correction could be made and Onni South Hills counsel and management stated under oath the charges where inaccurate and would be fixed, I believe if I didn't schedule the hearing they would have continued to ignore me and add additional unlawful legal fees.

I repeatedly requested written confirmations and policy citations, yet the explanations shifted, creating confusion and heightened stress on my household.

### F. Habitability neglect: mold and health effects (August–October 2025).

Between August and October 2025, I repeatedly reported mold and dampness. Repairs were delayed or ignored. My daughter and I experienced headaches, congestion, and anxiety about the safety of our home.

I purchased filters and cleaning supplies at my own expense and documented conditions with photos and maintenance request.

Authority: Civ. Code § 1941.1; Green v. Superior Court, 10 Cal.3d 616 (1974); Stoiber v.

Honeychuck, 101 Cal.App.3d 903 (1980).

Every day in a damp unit felt like choosing between health risks and homelessness. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.
I repeatedly requested written confirmations and policy citations, yet the explanations shifted, creating confusion and heightened stress on my household.

### G. Interference with paid parking and towing of EV (August 2025).

In August 2025, my electric vehicle was towed from my paid parking space. I paid towing and retrieval fees and lost time I needed for parenting and work responsibilities.
This felt retaliatory and punitive during a time I was contesting inflated balances and defective notices.
Authority: 42 U.S.C. § 3617; Civ. Code § 1942.5.
Losing access to my EV car added hours of logistical stress for childcare, appointments, and work obligations. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.
That same day on August 19th, 2025 I went to the leasing office and spoke with manager Byron Espinoza and requested him to remove my pain parking spot from my account because I no longer felt safe parking my car in my paid spot due to this unlawful towing, Byron verbally confirmed the parking spot removal so I would no longer be charged, approximately 2 months later after reviewing my ledger I noticed I was still being charged 250 monthly for parking even though I had not parked my car in the garage since August 19, 2025 I have email communications with Byron asking for clarification as him apologizing and then removing said charged, if I did not review my ledger and ask for clarification I would have continued to be charged for paid parking.

### H. Ledger admission & premature lockout (October 29–November 3, 2025).

On October 29, 2025, counsel admitted in writing that the ledger was wrong and would be corrected to $2,176.27. That same day, the Sheriff issued a Notice to Vacate giving only three business days (to November 3, 2025).
Proceeding while acknowledging the accounting error violated due process and HUD voucher rules and caused extreme anxiety and fear in my home.
Authority: CCP § 715.020(b) (five business days); 42 U.S.C. § 1983.
The overlapping timing of the admission and the lockout made me feel targeted and powerless. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.

### I. Emotional toll & humiliation.

For months I lived in fear of homelessness. I packed boxes and tried to
shield my daughter from panic as we waited on management's decisions. I experienced


(page 6)

anxiety, sleeplessness, and physical symptoms from constant stress and seemed weekly documented therapy sessions.

These experiences justify punitive damages for malice and oppression and support fee shifting under federal and state law.

Authority: Civ. Code § 3294; 42 U.S.C. § 1988(b); Gov. Code § 12989.2.

The ongoing uncertainty affected my health, parenting, and sense of safety in my own home. I documented communications, retained screenshots, and kept notes with dates, names, and amounts to ensure accuracy and accountability.

### J. Ledger Manipulation and Security Deposit Misappropriation (Nov. 2025)

In early November 2025, Onni's RentCafe ledger revealed further misconduct. On November 4, management removed a $5,502.11 legal fee citing it as "incorrect" and "already charged," but then re-added the identical amount as "Final Legal Fees" the very next day. Simultaneously, only $1,000 of Plaintiff's $3,340 security deposit was credited without any accounting of the remaining $2,340.

Plaintiff paid a full $3,340 security deposit at move-in October 13th, 2024, yet Defendant returned only $1,000 and failed to provide the required itemized statement of deductions within twenty-one (21) days of vacating, in violation of California Civil Code § 1950.5. On November 5, the ledger reflected an additional $1,407.10 "Final Legal Fees" entry, demonstrating ongoing misrepresentation and intentional ledger tampering.

### K. Stipulation & Ledger Manipulation (Jul.-Aug. 2025)

In July 2025, the parties executed a stipulation fixing attorney's fees at $2,176.27. However, by August 29, 2025, Onni's ledger reflected an additional $4,948.73 labeled "legal fees" without any court order or memorandum of costs-an intentional act of ledger manipulation. Around this same period, Plaintiff reported mold and habitability issues that remained ignored despite visible impacts to her and her minor child. This conduct demonstrated ongoing bad faith, harassment, and financial retaliation.

## V. CAUSES OF ACTION (COUNTS 1–12)

### Count 1 — FHA Discrimination (42 U.S.C. § 3604)

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

### Count 2 — FHA Retaliation (42 U.S.C. § 3617)

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

### Count 3 — 42 U.S.C. § 1983 — Deprivation of Rights

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 4 — FEHA: Source of Income Discrimination (Gov. Code § 12955)

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 5 — Retaliation (Civ. Code § 1942.5)

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 6 — Wrongful Eviction / Defective Notices (CCP § 1161(2); 24 C.F.R. § 982.310(b))

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 7 — Breach/Enforcement of Stipulation (CCP § 664.6; CRC 3.1700; CCP § 685.070)

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 8 — Void Judgment/Relief (CCP § 473(d))

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 9 — Negligence / Implied Warranty of Habitability (Civ. Code § 1941.1)

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 10 — Fraud & Deceit (Civ. Code § 1710)

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 11 — Intentional Infliction of Emotional Distress

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## Count 12 — Unfair Competition (Bus. & Prof. Code § 17200)

As alleged, Defendants' conduct satisfies each element of this claim and entitles Plaintiff to damages, injunctions, and other relief.

## VI. MEMORANDUM OF POINTS & AUTHORITIES

A. FHA & FEHA protect voucher tenants and bar retaliation.
42 U.S.C. §§ 3604, 3617; Gov. Code § 12955; Trafficante v. Metro. Life Ins. Co., 409 U.S. 205 (1972); Texas Dep't of Housing & Cmty. Affairs v. Inclusive Communities Project, Inc., 576 U.S. 519 (2015).
B. Notices overstating rent are void and cannot support UD.

(page 8)

Kwok v. Bergren, 130 Cal.App.3d 596 (1982); Bevill v. Zoura, 27 Cal.App.4th 694 (1994); Levitz Furniture Co. v. Wingtip Communications, 86 Cal.App.4th 1035 (2001); 24 C.F.R. § 982.310(b).

C. Rejecting lawful tender extinguishes default.

Strickland v. Gray, 109 Cal.App. 125 (1930); Groh v. Kover's Bull Pen, Inc., 221 Cal.App.2d 611 (1963); Elliott v. Superior Court, 108 Cal.App.3d 614 (1980); Minelian v. Manzella, 215 Cal.App.3d 457 (1989).

D. Enforcing written settlements; fees must follow statute.

Levy v. Superior Court, 10 Cal.4th 578 (1995); CCP § 685.070; CRC 3.1700.

E. Due process requires adequate time before sheriff lockout.

CCP § 715.020(b) (five business days); reliance on admitted error supports § 1983 liability.

F. Habitability & IIED damages.

Green v. Superior Court, 10 Cal.3d 616 (1974); Stoiber v. Honeychuck, 101 Cal.App.3d 903 (1980); Kiseskey v. Carpenters' Trust, 144 Cal.App.3d 222 (1983).

G. Punitive damages and fee shifting.

Civ. Code § 3294; 42 U.S.C. § 1988(b); Gov. Code § 12989.2.

VII. STATEMENT OF HARM & RELIEF SOUGHT

These acts caused months of fear, anxiety, and humiliation for me and my daughter, as well as economic damages including towing, retrieval, cleaning, medical, and relocation costs. I request compensatory and punitive damages, injunctive relief, restitution, fee shifting, and interest.

VIII. PRAYER FOR RELIEF

Plaintiff prays for: (1) $1,000,000 in compensatory and punitive damages, or according to proof; (2) Injunctive relief; (3) Restitution; (4) Attorneys' fees and costs; (5) Pre and post judgment interest; (6) All further just relief.

## IX. VERIFICATION (28 U.S.C. § 1746)

I, TERRIAN ELISE MILES, declare under penalty of perjury that I am the Plaintiff; I have read this Complaint and know its contents. The same is true to my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true. Executed on November 12th, 2025, at Los Angeles, California.

Terrian Elise Miles
700 W 9th Street #2719
Los Angeles, Ca 90015
213-447-1979
Terrian.miles@icloud.com

(page 9)

## EXHIBIT INDEX (A–L)

A — Email (10/29/2025) admitting ledger error; balance revised to $2,176.27.

B — Ledger entry showing unauthorized $4,948.73 legal fees (8/29/2025).

C — Sheriff's Notice to Vacate (10/29/2025).

D — Written Stipulation (7/15/2025) fixing attorney's fees at $2,176.27.

E — HACLA Notice of Change (5/1/2025) & Plaintiff's email notice (5/9/2025).

F — Proof of full rent tender and Onni's refusal/reversal (4/11/2025).

G — HACLA resubmission communications (11/4/2024).

H —  Maintenance requests Maintenance request/Mold photos (Aug–Oct 2025).

I — EV car towing from paid parking spot  (Aug 19th, 2025).

J — RentCate Ledger (Nov. 4-6, 2025) — showing re-posted $5,502.11 "Final Legal Fees,"
misapplied $1,000 deposit credit, and uncredited $2,340 balance.

K- RentCafe Ledger (Nov. 5, 2025) - showing additional $1,407.10 "Final Legal Fees" charge
demonstrating continued ledger manipulation.

L — Defective 3-Day Notices to Pay Rent or Quit (Inaccurate amount Owed)

**Exhibit A**



1:08

8 Messages
< 137    **Urgent: Correct Ledger —...**    ∧ ∨

**Found in Inbox**

**Ashley Lang**                    10/30/25
AL  To: Terrian .   Cc: Todd, Tara & 6 more... ›

Terrian,

Pursuant to our phone conversation this morning, the property is working on preparing a revised ledger to accurately reflect the legal fees of $2,176.27.

As soon as I receive the updated ledger, I will send you a copy by email. Thank you in advance for your patience.

Sincerely,

*Ashley Lang*
*Senior Legal Assistant*

**TODD A. BRISCO & ASSOCIATES, APC**
2200 West Orangewood Avenue, Suite 250
Orange, CA 92868
Telephone: (714)634-2814 ext. 107
Facsimile: (714)634-0662
Email: alang@briscoassociates.com

Confidentiality and Privilege. This e-mail message, including attachments, is intended solely for review by the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. Review by anyone other than the intended recipient(s) shall not constitute a waiver of ATTORNEY-CLIENT PRIVILEGE or ATTORNEY WORK PRODUCT PROTECTION that may apply to this communication. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original message.



(page 11)

**Exhibit 1B**



Date : 10/1/2025

| Code | 1100043 | Property | 300023 | Lease From | 10/14/2024 |
|---|---|---|---|---|---|
| Name | Terrian Miles | Unit | 1524 | Lease To | 10/12/2025 |
| Address | 825 S Hill St Apt 524 | Status | Eviction | Move In | 10/14/2024 |
| | | Rent | 3,340.00 | Move Out | 10/17/2025 |
| City | Los Angeles, CA 90014 | Phone (H) | | Phone (W) | (213) 706-0809 |

| Date | Chg Code | Description | Charge | Payment | Balance | Chg/Rec |
|---|---|---|---|---|---|---|
| 08/09/2025 | | chk# 31388024110 | | 560.00 | 4,347.90 | |
| 08/28/2025 | keys | locked out on 8/17 | 100.00 | | 4,447.90 | |
| 08/29/2025 | legal | legal fees | 4,948.73 | | 9,396.66 | |
| 09/01/2025 | gas | Domestic Hot Water Charge 07/16/25 to 08/15/25 | 8.69 | | 9,405.25 | |
| 09/01/2025 | utifees | Reimb - Utility Fees 07/16/25 to 08/15/25 | 4.75 | | 9,410.10 | |
| 09/01/2025 | trash | Trash Charge 07/16/25 to 08/15/25 | 30.08 | | 9,440.18 | |
| 09/01/2025 | electric | Electric Charge 07/16/25 to 08/15/25 | 63.47 | | 9,503.65 | |
| 09/01/2025 | water | Water Charge 07/16/25 to 08/15/25 | 51.18 | | 9,554.83 | |
| 09/01/2025 | scepfee | SCEP Fee 07/16/25 to 08/15/25 | 2.83 | | 9,557.66 | |
| 09/01/2025 | sewer | Sewer Charge 07/16/25 to 08/15/25 | 31.47 | | 9,589.13 | |
| 09/01/2025 | hvac | HVAC Charge 07/16/25 to 08/15/25 | 96.33 | | 9,685.46 | |
| 09/01/2025 | rent | Rent (09/2025) | 3,340.00 | | 13,048.46 | |
| 09/01/2025 | parking | Parking Space (09/2025) | 260.00 | | 13,296.46 | |
| 09/01/2025 | subsidy | Subsidy Rent (09/2025) | 2,977.00 | | 13,279.46 | |
| 09/01/2025 | waiver | Resident Liability Waiver (09/2025) | 12.00 | | 13,287.46 | |
| 09/01/2025 | digconc | Digital Concierge (09/2025) | 5.99 | | 13,293.45 | |
| 09/01/2025 | parking | Parking Space (09/2025) | (250.00) | | 13,043.45 | |
| 09/01/2025 | parking | Parking Space (09/2025) Credit 27 days | (225.00) | | 12,818.45 | |
| 09/01/2025 | | chk# MAP 29/2025 (MAP - | | 2,977.00 | 9,841.45 | |
| 09/03/2025 | | chk# 31388033623 | | 736.03 | 9,105.42 | |
| 09/03/2025 | | chk# 31388033704 | | 500.00 | 8,605.42 | |
| 09/03/2025 | | chk# 31388023695 | | 1,000.00 | 7,605.42 | |
| 09/03/2025 | | chk# 31388030614 | | 1,000.00 | 6,605.42 | |
| 09/03/2025 | | chk# 31388030605 | | 1,000.00 | 5,605.42 | |
| 09/03/2025 | | chk# 31388032686 | | 1,000.00 | 4,605.42 | |
| 09/03/2025 | | chk# 22010229070729 | | 1,000.00 | 3,605.42 | |
| 09/04/2025 | late | Late Fees Reversed by Charge Chris 12526991 | 100.00 | | 3,705.42 | |
| 09/09/2025 | late | :Reverse Charge Chris12522105 Adj 09.2025 Late Fee | (100.00) | | 3,605.42 | |
| 10/01/2025 | trash | Trash Charge 08/16/25 to 09/15/25 | 29.98 | | 3,635.40 | |
| 10/01/2025 | electric | Electric Charge 08/16/25 to 09/15/25 | 106.20 | | 3,741.60 | |
| 10/01/2025 | water | Water Charge 08/16/25 to 09/15/25 | 50.56 | | 3,791.68 | |
| 10/01/2025 | scepfee | SCEP Fee 08/16/25 to 09/15/25 | 2.83 | | 3,794.51 | |
| 10/01/2025 | sewer | Sewer Charge 08/16/25 to 09/15/25 | 32.80 | | 3,827.31 | |
| 10/01/2025 | hvac | HVAC Charge 08/16/25 to 09/15/25 | 121.71 | | 3,949.02 | |
| 10/01/2025 | gas | Domestic Hot Water Charge 08/16/25 to 09/15/25 | 8.64 | | 3,957.66 | |
| 10/01/2025 | utifees | Reimb - Utility Fees 08/16/25 to 09/15/25 | 4.75 | | 3,962.41 | |
| 10/01/2025 | rent | Rent (10/2025) 17 days | 199.06 | | 4,161.47 | |
| 10/01/2025 | subsdy | Subsidy Rent (10/2025) 17 days | 1,632.85 | | 5,794.02 | |
| 10/01/2025 | waiver | Resident Liability Waiver (10/2025) 17 days | 6.58 | | 5,800.90 | |



(page 12

# Exhibit C



TERRIAN MILES
825 S HILL ST #0524
LOS ANGELES, CA 90014

Los Angeles Sheriff's Department
110 N Grand Ave., # 525
Los Angeles, CA 90012

(213) 972-3930

California Relay Service Number
(800) 735-2929 TDD or 711

LA SUPERIOR COURT
111 NORTH HILL ST
LOS ANGELES, CA 90012

ONNI SOUTH HILL LIMITED PARTNERSHIP

2SSTUD02659

MILES, TERRIAN

2025071017

## Notice to Vacate

By virtue of the Writ of Execution for Possession Real Property (eviction), issued out of the above court, you are hereby ordered to
vacate the premises described in the writ.

| Eviction Address: | 825 S HILL ST APT 524 LOS ANGELES, CA 90014 |
|---|---|

| Final notice is hereby given that possession of the property must be turned over to the landlord on or before: | 11-03-25 |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the
premises. All personal property upon the premises at the time will be turned over to the landlord, who must return said
personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from
the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of
storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage
costs and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep
from the proceeds of the sale the costs of storage and of the sale (1988 CIV), or, if the property is valued at less than
$700.00, the landlord may dispose of your property or retain it for his own use. (715-010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in
possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file
the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if the
prejudgment claim of right to possession was served as indicated on the writ unless the eviction is the result of a
foreclosure.

**Robert G. Luna**
**Sheriff**

By _____
Sheriff's Authorized Agent

Mail                    OCT 29 2025                    381751

(page 13)



Docusign Envelope ID: 16A411B0-DAE2-4BE6-A833-AF7C39D4E9BC

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

PLAINTIFF
Omni South Hill Limited Partnership, a Delaware Limited Partnership

DEFENDANT
Terrian Miles

**FILED**
Superior Court of California
County of Los Angeles

07/15/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Hines _____ Deputy

CASE NUMBER
25STUD02689

DATE AND TIME OF HEARING
July 15, 2025          8:30 am

DEPARTMENT
97

**Unlawful Detainer Stipulated Judgment**

THE PARTIES STIPULATE (AGREE) AS FOLLOWS:

1. Judgment shall be entered in favor of plaintiff as named in the complaint and against the following defendants:
   Terrian Miles

   *(Identify and name defendant(s) exactly as judgment is to be entered. Do not abbreviate or use "etc." or et al.")*

   Plaintiff is awarded possession of the premises located at: (street address, apartment/unit number, city and county)
   825 South Hill Street #0524 Los Angeles, CA 90014
   Los Angeles County

   ☒ Defendant(s) rights under lease or rental agreement are forfeited.

2. Judgment shall be entered for:

   ☒  $ 8,174.87 _____ Past Due Rent    ☐  $ _____ Holdover Damages

   ☒  $ 52,176.27 _____ Attorney Fees plus costs of $ _____ .

3. Defendant(s) security deposit, if any:

   ☒ shall be returned or accounted for by the plaintiff within 21 days after the defendant(s) vacates the premises [Civil Code, section 1950.5]

   ☐ shall be retained by the plaintiff and the defendant(s) waive any claim to its return.

4. Judgment shall be entered:

Unlawful Detainer Stipulated Judgment

LASC Civ 293 New 10-21
Not Optional Use



(page 14)



**H A C L A**
Build HOPE: Investing in People and Place

## NOTICE OF CHANGE IN RENT AND HAP SUBSIDY

05/01/2025

Terrian Miles
825 S Hill St #524
Los Angeles, CA 90014

| | |
|---|---|
| Tenant Code | t5215393 |
| Vendor NO. | v5225749 |
| Caseworker | TCG- Katherine Sahagun |
| Email | katherine.sahagun@hacla.org |

Dear Terrian Miles:

This is to notify you that on the basis of the recent review of your eligibility and income, the following determinations have been made: You remain eligible for Housing Assistance, provided you are in compliance with all provisions of the lease and the assistance program. Your family is composed of 2 person(s).

**MONTHLY CONTRACT RENT:**
The Total Monthly Contract Rent to the owner
is being changed from $3,340.00 to $3,340.00 effective 01/01/2025

**HOUSING ASSISTANCE PAYMENT:**
The ongoing Housing Assistance Payment the housing Authority will pay on your behalf to the owner is being changed from $2,593.00 to $2,977.00 effective 01/01/2025

**TENANT RENT:**
The part of the Rent that you pay to the Owner
is being changed from $747.00 to $363.00 effective 01/01/2025

You are required to report immediately any changes in your family income or composition. Failure to do so may result in retroactive charges to you if the change would have resulted in a higher Tenant Rent.

You have the right to a hearing if you wish to dispute this action. If you wish to request a hearing, you must do so by contacting us at **(833) HACLA-4-U or (833) 422-5248** no later than 30 days from the date of this notice.

Sincerely,
Katherine Sahagun, Customer Support Representative
email: katherine.sahagun@hacla.org



Housing Authority of the City of Los Angeles
2600 Wilshire Blvd Los Angeles, CA 90057     ℡ 833-HACLA-4-U     ✉ info@hacla.org     🌐 hacla.org     TTY: 213-
HACLA makes reasonable accommodations for persons with disabilities upon request



(page 15)

**Exhibit E (Continued)**



(page 16)

Exhibit E



(page 17)

**Exhibit E (Continued)**



(page 18)

Exhibit G



(page 19)



**Exhibit H (Continued)**





(page 21)

**Exhibit J**



(page 22)

**Exhibit J**



11:57

**Recent Activity**

THURSDAY, NOVEMBER 6, 2025

final legal fees                                    + $5,502.11

TUESDAY, NOVEMBER 4, 2025

Legal Fees ( incorrect, Already Charged
Stipulation amount                                 − $5,502.11

:Security Deposit credit                           − $1,000.00

Late Fees                                          + $100.00

SATURDAY, NOVEMBER 1, 2025

Digital Concierge (11/2025) 4 days                 + $0.80

Resident Liability Waiver (11/2025) 4 days         + $1.60

Rent (11/2025) 4 days                              + $41.33

Rent (11/2025) 1 days                              + $12.10

(page 23)

Exhibit K



11:57

**Balance Details**

ACCOUNT BALANCE

**Your current account balance is $1,624.68**

NOVEMBER 5, 2025

| final legal fees | $1,407.10 |
|---|---|

NOVEMBER 6, 2025

| Domestic Hot Water Charge for 20 Days | $5.60 |
|---|---|
| Trash Charge for 20 Days | $20.40 |
| Water Charge for 20 Days | $32.60 |
| SCEP Fee for 20 Days | $2.83 |
| Sewer Charge for 20 Days | $21.00 |
| HVAC Charge for 20 Days | $75.80 |
| Electric Charge for 20 Days | $54.60 |

(page 24)

# Exhibit L

## NOTICE TO PAY RENT OR QUIT

To: Terrian Miles, George Foree, Jordi Harris
and all other in possession of the premises located at:
825 S Hill St Apt 524 Los Angeles, CA 90014
You are hereby required to do one of the following:

(1) **WITHIN THREE (3) DAYS**, excluding Saturdays and Sundays and other judicial holidays, after service upon you of this notice, pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:

| Date Amount Became Due | Amount |
|---|---|
| 11/01/2024 | $ 3,340.00 |

Total Delinquent Rent: $ 3,340.00

OR you are hereby required to deliver up possession of the hereinafter described premises, within three days, excluding Saturdays and Sundays and other judicial holidays, after service on you of this notice, to the undersigned or legal proceedings will be instituted against you to declare the forfeiture of the lease or rental agreement under which you occupy the hereinbelow described property and to recover possession of said premises, to recover all rent past due, to recover court costs, and attorneys fees as permitted by law.

The premises herein referred to is located at 825 S Hill St Apt 524 Los Angeles, CA 90014. The premises is a 2 bedroom rental unit.

You are further notified that if you fail to perform or otherwise comply, Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises.

Payment must be made payable to 825 South Hill and delivered as follows:

☒ By mail to: Attn: Management Office 825 S. Hill Street Los Angeles CA 90014
☒ By delivering in person to: Sarah Kitashima Management Office or any available personnel at 825 S. Hill Street Los Angeles CA 90014 between the hours of 9:00AM – 6:00PM on the following days of the week Sunday - Saturday. The above-mentioned employee may be reached by telephone at (213) 262-9299.
☒ By electronic funds transfer procedure previously established

Dated: 11/5/2024

By: _____

Agent for Landlord/Owner

(page 25)

# Exhibit L (Continued)

### NOTICE TO PAY RENT OR SURRENDER POSSESSION
(CARES Act Property - City of Los Angeles)

TO: Terrian Miles, George Furer, Jordi Harris
AND ALL OTHERS IN POSSESSION:

NOTICE IS HEREBY GIVEN that within THREE (3) DAYS (Excludes Saturdays, Sundays and Court Holidays) after the service upon you of this Notice, you are hereby required to pay to the undersigned, the rent of the premises hereinafter described, of which you now hold possession amounting to the sum of:

$ 927.00 due on November 1, 2024, for rent from November 1, 2024, to November 30, 2024
$ 927.00 due on December 1, 2024, for rent from December 1, 2024, to December 31, 2024
$ 927.00 due on January 1, 2025, for rent from January 1, 2025, to January 31, 2025

Total Rent Owing $ 2,781.00

YOU MUST PAY $ 2,781.00 _____ WITHIN THREE (3) DAYS AFTER SERVICE OF THIS NOTICE OR YOU MUST VACATE IN THIRTY (30) DAYS.

The premises referred to are situated in the City of Los Angeles, in the County of Los Angeles, State of California, Zip Code of 90014, and are designated by the street and number as:

825 S Hill St, Apt 0524, Los Angeles, CA 90014

Number of Bedrooms: 2

### CARES ACT NOTICE

If you fail to COMPLY WITH THIS NOTICE, your Rental Agreement for the lease of the Property shall terminate on a date which is thirty (30) days after service of this Notice (the "Termination Date"). If you remain in possession of the Property on or after the Termination Date, Landlord may enforce the termination by instituting legal action against you and each of you.

You are required to pay said rent in full or to deliver up possession of said premises to the undersigned, or legal proceedings will be commenced against you to recover all rents, damages (including up to $600.00 pursuant to Code of Civil Procedure section 1174(b) and any other damages allowed by law), costs and attorneys' fees for the unlawful detention of said premises.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

¹ This 30-day notice to vacate is given in compliance with Section 4024 of the Coronavirus Aid, Relief, and Economic Security Act, also known as the CARES Act, and shall not otherwise operate as a waiver of Landlord's rights under federal, state, or local law.

Page 1 of 2
NOTICE TO PAY RENT OR SURRENDER POSSESSION
(CARES Act Property - City of Los Angeles - Rents Due on February 1, 2024)

---

The undersigned hereby elects at this time to declare a forfeiture of the tenancy under which you occupy said premises in the event you fail to pay the rent in full.

In compliance with Code of Civil Procedure Section 1161(2), payment must be made to the owner agent as follows:

Payment shall be made payable to: 825 South Hill, Omni South Group LP.
Person to whom rent is to be paid (name of individual): Jason Aube, Samson Clay, William Lutz
Address where rent is to be paid: 825 S Hill St, LEASING OFFICE Los Angeles, CA 90014
Telephone number for the above address: (213) 973-4115
Rent may be paid on the following days and times:
_X_ Monday, _X_ Tuesday, _X_ Wednesday, _X_ Thursday, _X_ Friday _X_ Saturday, _X_ Sunday.
9:00am to 6:00pm, except legal holidays

Dated: _01/21/2025_          _____
                              Authorized Agent for Owner/Landlord

825 South Hill
825 S Hill St.
Los Angeles, CA 90014
(213) 262-9299

(page 24)